LYNN C. JORDHEIM
Acting United States Attorney
**by SHON HASTINGS, AUSA**
Quentin N. Burdick U.S. Courthouse
655 First Ave. N. - Suite 250
Fargo, ND  58102-4932
(701) 297-7400
shon.hastings@usdoj.gov
Attorney for Defendants:
USAO-SD, FBI, and FBI
employees Oravec and Weyand

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | | |
|---|---|---|
| EARLINE COLE, as an individual and as personal representative of the ESTATE OF STEVEN BEARCRANE, CLETUS COLE, as an individual and as personal representative of the ESTATE OF STEVEN BEARCRANE, PRECIOUS BEARCRANE, minor child, VERONICA SPRINGFIELD, as an individual and as personal representative of the ESTATE OF ROBERT SPRINGFIELD, and VELMA SPRINGFIELD, minor child, | ) ) ) ) ) ) ) ) ) ) ) ) | CV-09-21-BLG-RFC-CSO **SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT** |
| Plaintiffs, | ) | |
| v. | ) ) | |
| FEDERAL BUREAU OF INVESTIGA-TION, Salt Lake City Field Office, UNITED STATES ATTORNEYS OFFICE FOR SOUTH DAKOTA, ERNEST WEYAND, in his individual and official capacity, and MATTHEW ORAVEC, in his individual capacity, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

The United States of America, by Lynn C. Jordheim, Acting United States Attorney for the District of North Dakota, and Shon Hastings, Assistant United States Attorney, acting on behalf of the Federal Bureau of Investigation (FBI); the United States Attorney's Office for South Dakota (USAO-SD); Special Agent (SA) Ernest Weyand, in his individual and official capacity; and SA Matthew Oravec, in his individual capacity, submits this Supplemental Brief at the Court's request addressing Elliot-Park v. Manglona, 2010 WL 92482 (9th Cir. 2010).

## A.     Plaintiffs Do Not Have Standing to Assert a Cause of Action for an Alleged Failure to Properly Investigate and Prosecute a Third Person.

Elliot-Park is not about constitutional standing.  There, the defendant police officers did not attack subject matter jurisdiction, or raise any defenses related to justiciability in their appeal.  Here, Defendants submit that Plaintiffs lack constitutional standing to pursue their claims, an argument not even addressed in Elliot-Park.  The question remains whether plaintiffs "stand" in a position to enforce the duty to investigate and prosecute free from racial bias.  As noted in footnote 4 of the Memorandum of Law in Support of the Motion to Dismiss, Defendants do not suggest the exercise of a law enforcement agent's or prosecutor's discretion is unlimited, or that there can never be a remedy for a refusal to investigate or prosecute because of racial-based animus.  [Doc. No. 29, at 29].  Both the Elliot-Park court and the United States Supreme Court have ruled

that discretionary decisions may not be based on "an unjustifiable standard such as race, religion, or other arbitrary classification." United States v. Armstrong, 517 U.S. 456, 464 (1996); Elliot-Park at *2. However, neither Plaintiffs nor their deceased relatives, who Plaintiffs claim are the victims of crime, are the proper parties to assert a violation of Due Process or Equal Protection because:  (1) they have no legally-cognizable right to the prosecution or nonprosecution of another; (2) the remedy Plaintiffs seek is not traceable to the alleged discrimination and would not redress the harm; and (3) Plaintiffs' allegations fall far short of dispelling the presumption that the investigators and prosecutors properly discharged their official duties.

Faced with authority establishing that there is no legally-cognizable interest in the investigation and prosecution of a third party,[1] Plaintiffs now argue that they are neither asking for an order compelling the FBI to adequately investigate the deaths of Steven Bearcrane and Robert Springfield, nor are they seeking an order compelling the USAO to prosecute the alleged wrong-doers.  Rather, they claim they are requesting a declaration that the USAO-SD and the FBI violated

---

[1]As noted in previous briefs, victims of crime do not have a constitutional right under the Equal Protection Clause, or the Due Process Clause, to secure a thorough investigation and prosecution of a third party.  See Linda R. S. v. Richard D., 410 U.S. 614, 619 (1973); Sattler v. Johnson, 857 F.2d 224, 227 (4th Cir. 1988); Mitchell v. McNeil, 487 F.3d 374, 378 (6th Cir. 2007); Parkhurst v. Tabor, 569 F.3d 861, 866 (8th Cir. 2009).

Plaintiffs' constitutional rights, and an order compelling Defendants not to discriminate.

In Elliot-Park, the Ninth Circuit distinguished the lack of a general constitutional right to have an assailant arrested from a constitutional right to have police services administered in a nondiscriminatory manner. Elliot-Park at *2. However, Elliot-Park does not save Plaintiffs' claims in this case.

First, the Ninth Circuit in Elliot-Park never addressed whether the victim of a car accident caused by a drunk driver was the proper party to enforce the police officers' duty to conduct investigations, and arrest suspects, in a nondiscriminatory manner. Instead, the court's analysis focused on whether such a duty existed, and whether the duty was "clearly established," thereby barring a qualified immunity defense. Defendants respectfully suggest that had the Ninth Circuit considered the authority and argument offered to this Court on the issue of Article III standing, Elliot-Park should have been dismissed.

Even if the decision may be read to permit a victim of crime to enforce this duty by seeking damages under § 1983, Ms. Elliot-Park's experience with law enforcement is distinguishable from Plaintiffs in this case. In Elliot-Park, the plaintiff not only observed racial bias, she was personally treated in a discriminatory manner when the police officers "shoved her inside her car and told her to shut up and calm down." Elliot-Park, at *1. In this case, there are no facts

supporting the inference that Plaintiffs personally experienced racial discrimination or received substandard law enforcement services because of their race.  Plaintiffs in this case  bring their claims and causes of action based on alleged crimes they did not witness and investigations and prosecutions in which they did not participate.  The facts are not analogous.

More importantly, Plaintiffs are not the proper parties to enforce any duty to investigate and prosecute without regard to race, because Plaintiffs are not the people whose rights were violated.  The only person who could show injury-in-fact resulting from discriminatory investigations and prosecutions is a person who is convicted of a crime in circumstances similar to the person who was not charged or convicted.  As the Parkhurst court noted, there is a "distinction in standing between those prosecuted by the state and those who would urge the prosecution of others, even when the failure to prosecute is allegedly discriminatory." Parkhurst v. Tabor, 569 F.3d 861, 866 (8th Cir. 2009); Hageman v. Bates, 2007 WL 927584, at *1 (D. Mont. Mar. 23, 2007); Lawrence H. Tribe, American Constitutional Law, 124 (2d ed. 1988).  Accordingly, this Court should refrain from deciding the questions raised in the Amended Complaint because Plaintiffs' individual rights are not implicated.  Gladstone Realtors v. Village of Bellwood, 441 U.S. 91, 99-100 (1979) ("Even when a case falls within these constitutional boundaries, a plaintiff may still lack standing under the prudential principles by

which the judiciary seeks to avoid deciding questions of broad social import where
no individual rights would be vindicated and to limit access to the federal courts to
those litigants best suited to assert a particular claim.").

Another reason Elliot-Park is not determinative is because Plaintiffs have
not established that their claims are redressable.  To the extent Plaintiffs seek a
declaration or injunction compelling an adequate investigation and prosecution,
they are seeking to substitute the Court's judgment for that of the Executive
Branch of government acting through the Defendants.  The USAO-SD's decision
to decline to prosecute in the Bearcrane matter, and the FBI's decision to conclude
its investigation in the Springfield matter, are classic functions of the Executive
Branch.  The only remedy that would truly redress Plaintiffs' complaints is an
order by this Court effectively usurping prosecutorial discretion by compelling the
United States Attorney to prosecute in the Bearcrane matter.  Similarly, in the
Springfield matter, the Court would have to set aside the FBI's investigation as
insufficient, then order the FBI to interview or re-interview certain witnesses,
conduct new or different crime-scene analysis, identify for the FBI which evidence
was deserving of weight or was credible, and ultimately direct the FBI to reach a
conclusion satisfactory to Plaintiffs, a conclusion contrary to that which the FBI
previously reached.

The wrongs alleged here are not within the powers of the Judiciary to redress.  The remedial scheme required would impermissibly infringe on the role of the Executive, contrary to the separation of powers doctrine.  <u>Roe v. City and County of San Francisco</u>, 109 F.3d 578, 586 (9th Cir. 1997); <u>Comty. for Creative Non-Violence v. Pierce</u>, 786 F.2d 1199, 1201 (D.C. Cir. 1986); <u>Inmates of Attica Corr. Facility v. Rockfeller</u>, 477 F.2d 375,  379-380 (2d Cir. 1973).

Plaintiffs claim that they are not seeking to compel a more thorough investigation or prosecution (as noted in their response brief), does not further their redressability argument.  By abandoning their request for a new investigation or a prosecution, Plaintiffs concede that they are not seeking a remedy for a specific injury personal to each of them resulting from the alleged failure to adequately investigate or prosecute.  Rather, they attempt to elevate the significance of the Bearcrane and Springfield investigations by alleging that they are connected to a broad array of alleged societal harms listed in their Amended Complaint, including:  the crime rate in Indian Country, unsafe communities, increased drug trafficking, lack of economic development, high suicide rates, historical trauma which severely impacts and cripples normal life activities, and lack of an organized society where public order is maintained.  It is these societal wrongs that Plaintiffs are asking this Court to address.  In other words, they are pursuing the interest all Native Americans have in the evenhanded administration

of justice; or, more specifically, the equity and fairness in enforcement of criminal laws.  However, none of those alleged wrongs constitute the individualized, particularized harm necessary to confer Article III standing to a party seeking relief in federal court.  See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-561 (1992); Allen v. Wright, 468 U.S. 737, 751-754 (1984);  McCollum v. Smith, 596 F. Supp. 165, 168-169 (D.D.C. 1984).  To the contrary, they are the kind of generalized grievances more appropriately addressed by the political process.  Warth v. Seldin, 422 U.S. 490, 499 (1975) ("the Court has held that when the asserted harm is a 'generalized grievance' shared in substantially equal measure by all or a large class of citizens, that harm alone normally does not warrant exercise of jurisdiction."); Parkhurst v. Tabor, 07-2068, 2007 WL 3227305 at *4 (W.D. Ark. Oct. 30, 2007) ("Plaintiffs must assert an interest more particularized and personal than the general interest of the pubic in the evenhanded administration of justice." (citations omitted)).

The Springfields and the Coles have not met their burden of establishing constitutional standing or third-party standing requirements.  Their Amended Complaint should be dismissed.

**B.      USAO-SD Should Be Dismissed.**

Elliot-Park was not about prosecutorial discretion.  It was a case filed under 42 U.S.C. §§ 1983 and 1985 in which the plaintiff claimed that police officers

violated her constitutional right to Equal Protection.  The police officers argued

that they were entitled to qualified immunity.  The doctrine of absolute immunity

was <u>not</u> at issue in <u>Elliot-Park</u>.  <u>See</u> <u>Elliot-Park</u>, at *1.  Therefore, the decision

does not change the fact that prosecutors in the USAO-SD continue to enjoy

immunity from civil liability for Plaintiffs' claims.  Additionally, <u>Elliot-Park</u> does

not affect the long-standing principle that victims do not have a judicially-

cognizable interest in the prosecution or non-prosecution of another.  <u>Linda R. S.</u>,

410 U.S. at 619; <u>Sattler</u>, 857 F.2d at 227; <u>Castle Rock v. Gonzales</u>, 545 US 748,

768 (2005).  Accordingly, the defenses asserted on behalf of the USAO-SD and its

prosecutors are not affected by the decision in <u>Elliot-Park</u>.

**C.     The Amended Complaint Does Not Allege Facts Sufficient to State a Claim for Relief.**

<u>Elliot-Park</u> did not convert the labels and conclusions alleged in Plaintiffs'

Amended Complaint into the kind of detailed factual allegations necessary to state

a claim upon which relief may be granted.  Unlike <u>Elliot-Park</u> where the defendant

officers apparently conceded that the plaintiff pled facts from which a trier of fact

could infer racial discrimination,[2] Defendants in this case have shown that

Plaintiffs failed to allege facts sufficient to meet Rule 8 pleading standards under

<u>Iqbal</u>.  <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937 (2009).  The allegations included in the

---

[2]<u>Elliot-Park</u>, at *2.

9

Amended Complaint do not infer, let alone establish, that the FBI conducted an

inadequate investigation or the USAO-SD refused to prosecute, based on the race

of the victims.

For example, with regard to the investigation of Mr. Bearcrane's death,

Plaintiffs do not even allege facts sufficient to infer that the FBI's investigation

was inadequate.[3]  See Memo. of Law at 27-34 [Doc. 29 at 34-41].  Even if they

had facts sufficient to infer that a criminal case could have been brought, they

have not offered any evidence inferring that the FBI or its SAs intentionally

refused to gather this information based on the victim's race, as was the case in

Elliot-Park.  In Elliot-Park, there were clear and obvious indications of drunk

driving.  In this case, Plaintiffs make only conclusory statements about the

investigations, with no particularized factual allegations.

Further, the Bearcrane matter was not a case in which the investigators sat

on their hands.  To the contrary, they investigated the matter and referred it to the

USAO-SD.  A. Compl. (Doc. No. 21, at 20-22).  Plaintiffs have not offered any

facts suggesting that the FBI or its Special Agents deliberately withheld evidence

_____

[3]The Coles did not show that there was evidence sufficient to charge the person
who shot Mr. Bearcrane with manslaughter, or that there was information gathered
by the FBI that would have been sufficient to refute a claim of self- defense.  They
allege that "there is no evidence that the FBI performed or used common
investigative tests and data gathering," but offer no facts to support this
conclusory statement.  A. Compl. (Doc. No. 21, at 14).

from the prosecutors who exercised the discretion to decline the case, or that the SAs were motivated by racial bias to influence the USAO-SD's declination. Their allegation that the SAs destroyed evidence is not only unsubstantiated, it is free from any inference of racial animus. Unlike the plaintiff in Elliot-Park,[4] they have also failed to show that similarly-situated people of other races were treated differently. Simply alleging that the person responsible for Mr. Bearcrane's death was a "non-Indian man" does not create an inference of race-based discrimination in the investigation. Likewise, the congressional testimony, speeches, newspaper articles, and reports about crime in Indian Country do not create an inference that race was a motivating factor which influenced the outcome of the Bearcrane or Springfield investigations. Statements that the FBI did not adequately investigate, refused to adequately investigate, or deliberately hindered the investigation, without particularized facts demonstrating a violation of Plaintiff's right to Equal Protection and Due Process, are conclusory in nature and not entitled to any weight. Iqbal, 129 S. Ct. at 1949-1950 (the court is not "bound to accept as true a legal conclusion couched as a factual allegation."). Accordingly, the Plaintiffs fail to state a claim upon which relief may be granted against the FBI or its agents.

---

[4]The plaintiff in Elliot-Park alleged that the police officer who refused to arrest the drunk driver who crashed into plaintiff's car, fully investigated another drunk driving accident that occurred the same evening where the victim was the same race as both the officer and the drunk driver who hit plaintiff's car. Elliot-Park, *1-2.

The Springfields also failed to plead more than threadbare claims and conclusory legal arguments.  Plaintiffs provide no factual detail to support their claims against the FBI investigators other than to allege that Mr. Springfield died under suspicious circumstances, he was missing for a year before his body was discovered, the FBI allegedly failed to investigate his disappearance and death, the FBI refused to return some of Mr. Springfield's remains, and the FBI failed to promptly identify the remains discovered.  A. Compl. (Doc. No. 21, at 15-16).  These allegations do not show an intent to discriminate, or otherwise deprive Plaintiffs of their constitutional rights.  Again, simply alleging that Mr. Springfield was Native American, and citing authorities not relevant or specifically linked to facts in the Springfield investigation, does not show that the Special Agents who investigated the circumstances surrounding his death were motivated by racial animus to do a poor job.  Plaintiffs have not even alleged facts sufficient to infer the investigation was inadequate.  They have not established a plausible claim for the relief they seek.  The Plaintiffs' allegations are inadequate to state a claim under Rules 8 and 12 of the Federal Rules of Civil Procedure and should be dismissed.  Iqbal, 129 S. Ct. at 1949-1950.

Finally, Plaintiffs fail to allege facts sufficient to create an inference that racial discrimination played a role in the USAO-SD's decision to decline to prosecute the non-Indian man who shot Mr. Bearcrane.  There are also no facts

12

indicating the USAO-SD did not have sufficient information to exercise its

discretion to decline the case.  Even in the Amended Complaint, Plaintiffs

acknowledge that the USAO-SD evaluated the case, and then re-evaluated it upon

Plaintiffs' request.  A. Compl. (Doc. No. 21, at 21-22).

        In addition, Plaintiffs have not explained or alleged how the declination, or

the alleged refusal to articulate the results of a re-evaluation of evidence, entitles

them to relief under the Equal Protection or Due Process Clause.  The

United States asserts that it does not.  Linda R. S., 410 U.S. at 619.  The Plaintiffs'

claims against the USAO-SD are insufficient as a matter of law.

## CONCLUSION

For the reasons set forth above, and in the Reply Brief and Memorandum of Law in Support of the Defendants' Motion to Dismiss, the Defendants respectfully request this Court to dismiss the Amended Complaint because Plaintiffs' claims are not justiciable, and because they fail to state a claim upon which relief may be granted.

Dated this 12th day of February, 2010.

LYNN C. JORDHEIM
Acting United States Attorney


By:   /s/ Shon Hastings
SHON HASTINGS
Assistant United States Attorney
Quentin N. Burdick United States Courthouse
655 First Avenue North - Suite 250
Fargo, ND  58102-4932
(701) 297-7400
N.D. Bar Board ID No. 05084
Attorney for Defendants:
USAO -SD, FBI, FBI employees
Oravec and Weyand

## <u>CERTIFICATE OF COMPLIANCE</u>

The undersigned hereby certifies that this supplemental brief complies with the Court's word limitation set forth in its Request for Additional Briefing [Doc. 49] of 3,000 words.  Using the word count function of Corel WordPerfect 9, the number of words contained in this brief is 2877, excluding caption and Certificates of Compliance, and of Service.

Dated this 12th day of February, 2010.

/s/ Shon Hastings
SHON HASTINGS, AUSA
Attorney for Defendants:
USAO-SD, FBI, and FBI employees
Oravec and Weyand

## <u>CERTIFICATE OF SERVICE</u>
### L.R. 5.2(b)

I hereby certify that on January 19, 2010, a copy of the foregoing document

was served on the following persons by the following means:

1,2,3        CM/ECF
_____     Hand Delivery
_____     Mail
_____     Overnight Delivery Service
_____     Fax
_____     E-Mail

1.     Clerk, United States District Court

2.     Jean Bearcrane
      Attorney for Plaintiffs

3.     Patricia S. Bangert
      Attorney for Plaintiffs
      pbangertlaw@aol.com


                      /s/ Shon Hastings
                      SHON HASTINGS, AUSA
                      Attorney for Defendants:
                      USAO D/SD, FBI, and FBI employees
                      Oravec and Weyand