IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

FILED
BILLINGS DIV.
2010 JUN 17 AM 10 55
PATRICK E. DUFFY, CLERK
BY _____
DEPUTY CLERK

| | |
|---|---|
| EARLINE COLE, as an individual and as personal representative of the ESTATE OF STEVEN BEARCRANE, CLETUS COLE, as an individual and as personal representative of the ESTATE OF STEVEN BEARCRANE, PRECIOUS BEARCRANE, minor child, VERONICA SPRINGFIELD, as an individual and as personal representative of the ESTATE OF ROBERT SPRINGFIELD, and VELMA SPRINGFIELD, minor child, )))))))))))) | CV-09-21-BLG-RFC-CSO<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE ON MOTION TO DISMISS |

                              )
                Plaintiffs,    )
         v.                    )
                              )
FEDERAL BUREAU OF INVESTIGA-   )
TIONS,  SALT  LAKE CITY FIELD  )
OFFICE, UNITED STATES          )
ATTORNEY'S OFFICE FOR SOUTH    )
DAKOTA, ERNEST WEYAND, in his  )
individual and official capacity, and )
MATTHEW ORAVEC, in his individual )
capacity,                      )
                              )
                Defendants.   )
                              )
                              )

United States Magistrate Judge Carolyn Ostby has entered Findings and

Recommendation (*Doc. 53*) on Defendants' Motion to Dismiss the Amended

Complaint (*Doc. 28*).  Magistrate Judge Ostby recommends that Counts I, II, VI

and V be dismissed and, and Count III be dismissed except as to the claims of the

Personal Representatives against Defendant Matthew Oravec.

Upon service of a magistrate judge's findings and recommendation, a party

has 14 days to file written objections.  28 U.S.C. § 636(b)(1).  On June 8, 2010,

Plaintiffs filed timely objections.  (*Doc. 54.*)  On June 10, 2010, Defendants filed

their own objections and response to Plaintiffs' objections.  (*Doc. 55*).

Accordingly, the Court must make a *de novo* determination of those portions of

the Findings and Recommendations to which objection is made.  28 U.S.C. §

636(b)(1).

## I.    Objections as to Standing

### A.    Standing as to Individual Capacity Claims

The Magistrate Judge found that the Plaintiffs, in their capacity as personal

representatives of crime victims Steven Bearcrane and Robert Springfield have

standing to assert their constitutional enforcement of law under *Elliot-Park v.*

*Manglona*, 592 F.3d 1003 (9th Cir. 2010).  The Magistrate Judge also found that

Plaintiffs do not have standing to assert that right in their individual capacities.

The Court agrees with the Magistrate Judge's determination that Plaintiffs

here lack standing because, individually, they have not alleged that they have been

or are imminently likely to be subject to the challenged practices. *See Allen v. Wright*, 468 U.S. 737, (absent an allegation of a specific threat of being subject to the challenged practices, plaintiffs have no standing to ask for an injunction).

The individual Plaintiffs' claims here are based on alleged discriminatory treatment in the handling of the cases involving their deceased relatives and on their general status as residents of an Indian reservation. The individual Plaintiffs do not allege that they have been the subject of discriminatory law enforcement. They do not allege that they have been the target of an investigation or prosecution motivated by racial animus. Nor do they claim to be the victims of a crime that was either investigated or prosecuted due to racial animus. The injuries they have alleged are abstract, and not concrete, particularized, or actual or imminent. *See Horne v. Flores*, 129 S. Ct. 2579, 2592 (2009). As a result, the requirements for standing have not been met with respect to these claims. *See, e.g., Allen*, 468 U.S. at 757 n.22.

The interests of the individual Plaintiffs in the equal application of law enforcement and prosecutorial services on reservations is shared with thousands of tribal members throughout the country. The impact of any order of this Court on these particular Plaintiffs is too remote and too uncertain to permit the exercise of the powers of the federal judiciary. To decide the individual Plaintiffs'

3

constitutional claims based solely on status as residents on an Indian reservation

would not be to decide a judicial controversy, but "to assume a position of

authority over the governmental acts of another and co-equal department, an

authority which [the Court] plainly do[es] not possess." *Hein v. Freedom From*

*Religion Foundation, Inc.*, 551 U.S. 587, 600 (2007)(quoting *Massachusetts v.*

*Frothingham*, 262 U.S. 447,489 (1923)).

> Plaintiffs seek to have the Judicial Branch compel the Executive
> Branch to act in conformity with the [due process clause of the Fifth
> Amendment], an interest shared by all citizens .... And that claimed
> nonobservance ... would adversely affect only the generalized interest
> of all citizens in constitutional governance, and that is an abstract
> injury.

*See Schlesinger v. Reservists Comm. To Stop the War*, 418 U.S. 208, 217 (1974).

Here, the line of causation between the injuries that the individual Plaintiffs

allege and the alleged misconduct of the government or its employees is too

attenuated to meet the standing requirements. *See Allen*, 468 U.S. at 757-60.  The

injuries suffered by Plaintiffs are indirect and dependent upon the action of some

third party not before the Court.  It is speculative whether more thorough

investigation and prosecution of crimes by these Defendants would result in a

reduction in the crime rate on the Crow Reservation.  It is also speculative whether

more thorough investigation and prosecution of crimes by these Defendants would

4

lessen the impacts of historical trauma on these Plaintiffs. And, it is speculative

that more thorough investigation and prosecution of crimes by these Defendants

would reduce these Plaintiffs' risk of being victimized in the future by some

unknown wrong-doer. *See e.g., Allen*, 468 U.S. at 757-60. The chain of causation

here is too weak and involves too many unknown third parties to sustain the

individual Plaintiffs' standing.

All claims asserted individually by Plaintiffs Earline Cole, Cletus Cole,

Precious Bearcrane, Veronica Springfield, and Velma Springfield must be

dismissed for lack of standing.

## B.     Standing as to Representative Capacity Claims

The Magistrate Judge found that the Personal Representatives have standing

to assert a claim. The Ninth Circuit in *Elliot-Park v. Manglona*, 592 F.3d 1003,

1006-07 (9th Cir. 2010), held that law enforcement officers cannot exercise their

discretion in a discriminatory fashion. As in *Elliot-Park*, the Personal

Representatives in this case are not basing their equal protection claims "on some

general constitutional right to have an assailant arrested." *See Id.* at 1006. The

Personal Representatives are alleging that their decedents' assailants were "given

a pass by [law enforcement] because of the [agents'] alleged racial bias" not only

in favor of the assailants but also against the decedents as Native Americans. *Id.*

5

The Ninth Circuit has made clear that law enforcement cannot "investigate and arrest blacks but not whites, or Asians but not Hispanics." *Id.; see also Estate of Macias v. Ihde*, 219 F.3d 1018, 1028 (9th Cir. 2000) ("There is a constitutional right ... to have police services administered in a nondiscriminatory manner - a right that is violated when a state actor denies such protection to disfavored persons.").

The reasoning of the Ninth Circuit in *Elliot-Park* is applicable to the instant case. The controlling factor is not that the decedents received some police services; the controlling factor is that they allegedly would have received more if they were not Native American. The Personal Representatives have met their burden of showing they have standing.

## II.   Objections as to Failure to State a Claim

### A.   Bivens Claim Against Weyand

Plaintiffs have objected to the Magistrate Judge's findings that they have failed to state a claim against Defendant Weyand because they did not plead specific actions taken by Weyand that evidenced discriminatory motives.

Plaintiffs' allegations against Defendant Weyand, taken as true, do not permit this Court to reasonably infer a discriminatory motive on his part. Because there is no respondeat superior liability with respect to Bivens claims, Defendant

6

Weyand can only be liable for his own actions. *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1948 (2009).

The allegations in Plaintiffs' Amended Complaint demonstrate at most that Defendant Weyand acquiesced in Defendant Oravec's allegedly discriminatory practices. Acquiescence alone is not sufficient to find supervisory liability. *Id.* at 1949. They do not show that he personally acted with a discriminatory motive. The "sheer possibility" that he may have acted unlawfully is not sufficient to state a claim. *Id.* The claims asserted against Defendant Weyand must be dismissed because he is entitled to qualified immunity.

**B.    Equal Protection Claim Against Oravec**

Defendant Oravec objects to the Magistrate Judge's finding that the allegations in the Amended Complaint allow the Court to infer a discriminatory motive.

After reviewing the allegations, this Court agrees that the factual allegations in the Amended Complaint create an inference that Defendant Oravec was motivated by racial animus when conducting his investigations into the deaths of Steven Bearcrane and Robert Springfield. Consequently, the equal protection

claims asserted by the Personal Representatives against Oravec are not subject to dismissal at this time.

### C.   Equal Protection Claim Against the FBI and U.S. Attorney's Office

Plaintiffs object to the finding that they failed to state an equal protection claim against the FBI and the U.S. Attorney's Office.  To state an equal protection claim against an agency, "plaintiffs must show that actions of the defendants had a discriminatory impact, and that defendants acted with an intent or purpose to discriminate based upon plaintiffs' membership in a protected class." *Committee Concerning Community Improvement v. City of Modesto*, 583 F.3d 690, 702-03 (9th Cir. 2009) (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 686-87 (9th Cir. 2001)).

The due process clause of the Fifth Amendment guarantees every person the equal protection of the law, "which is essentially a direction that all persons similarly situated should be treated alike." *Philips v. Perry*, 106 F.3d 1420, 1424-25 (9th Cir. 2007) (internal quotation marks and citations omitted).  "Preferring members of one group for no reason other than race or ethnic origin is

8

discrimination for its own sake," and is forbidden by the Constitution. *Regents of the University of California v. Bakke*, 438 U.S. 265, 307 (1978).

The factual allegations against the FBI are not sufficient to state a claim. There no non-conclusory factual allegations showing that the FBI Salt Lake City Field Office has a pattern, policy or practice of discriminating against Native Americans. The recitation of facts by Plaintiffs concerning crime on Indian reservations do not pertain to the FBI Salt Lake City Field Office's activities on the reservation at issue here.

The factual allegations against the U.S. Attorney's Office in South Dakota are that there is "a pattern and practice of declining prosecutions in cases in which the victims of those crimes are Native Americans." Additionally, Bearcrane's Personal Representative makes an allegation that they "repeatedly asked defendant U.S. Attorney's Office . . . to prosecute the person who shot their son[.]" These allegations to not allow the Court to reasonably infer that the U.S. Attorney's Office in South Dakota was motivated by racial animus in its handling of these cases. Plaintiffs failed to state an equal protection claim against the FBI and U.S. Attorney's Office.

### D.    Substantive Due Process Claim Against the FBI and U.S. Attorney's Office

Plaintiffs object to the Magistrate Judge's finding that they failed to state a substantive due process claim against the FBI and U.S. Attorney's Office. The Supreme Court has long recognized that "the Due Process Clauses generally confer no affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual." *DeShaney v. Winnebago County Dept. of Social Services*, 489 U.S. 189, 195 (1989). The due process clauses are phrased as limitations on the government's power to act, "not as a guarantee of certain minimal levels of safety and security." *Id*. The purpose of the clauses is to protect the people from the government, "not to ensure that the [government] protect[s] them from each other." *Id*. Consequently, as a general matter the government's failure to protect an individual against private violence does not give rise to a claim against the state for violation of the Due Process Clause. *Id*.

There are, however, certain limited circumstances when "the Constitution imposes upon the [s]tate affirmative duties of care and protection with respect to particular individuals." *Id*. at 198. A plaintiff falls into one of these exceptions when either: (1) a special custodial relationship exists between the plaintiff and the

10

state, or (2) when the state is responsible for creating the danger that ultimately injures the plaintiff. *Id.* at 197.

The Court concludes that the first exception does not apply because the relationship between the Tribes and the federal government is not the type of relationship contemplated by this exception. This exception is intended to apply when "the [s]tate takes a person into its custody and holds him there against his will." *Id.* at 199.

Plaintiffs also argue that the second exception applies, but the Court concludes it does not. The actions of the government in placing the plaintiff in danger must be affirmative. *Johnson v. City of Seattle*, 474 F.3d 634, 639 (9th Cir. 2007). Defendants took no affirmative action with respect to either of the decedents. Therefore, Plaintiffs' substantive due process claims are subject to dismissal.

### E.    Treaty and Trust Claims

Plaintiffs alleged that Defendants violated trust and treaty obligations to Plaintiffs as members of established tribes. The Magistrate Judge found that Plaintiffs failed to state a claim for such violations.

First, Plaintiffs have neither argued nor demonstrated that they can state an independent claim for breach of trust. In *Gros Ventre Tribe v. United States*, 469

11

F.3d 801 (9th Cir. 2006), the court held that unless there is a specific duty that has been placed on the government with respect to Indians, the general trust responsibility is discharged by compliance with generally applicable regulations and statutes. *Id.* at 809-810 (*citing Morongo Band of Mission Indians*, 161 F.3d 569, 574 (9th Cir. 1998)).  Plaintiffs have pointed to no specific trust duty owed to them.  Consequently, Plaintiffs' trust claims must fail.

Second, with regard to the Treaty Claims made by Plaintiffs, the treaties cited provide for offenders to be tried and punished but Plaintiffs specifically state they are not seeking this relief.  Plaintiffs are asking for the general prospective relief of a court order requiring nondiscriminatory investigation and prosecution in the future.  Nothing in the treaties provides for this relief and Plaintiffs have cited no authority allowing it.

Further, this action is brought under the Administrative Procedure Act, which includes a presumption that agency decisions not to institute enforcement proceedings are unreviewable.  5 U.S.C. § 701(a)(2).  The Supreme Court has held that an agency's decision not to prosecute or enforce is a decision generally committed to an agency's "absolute discretion."  *Heckler v. Chaney*, 470 U.S. 821, 831 (1985).  The treaties cited by Plaintiffs do not provide a meaningful standard for the Court to apply in determining how the FBI or Attorney General should

12

exercise discretion in deciding to investigate or prosecute claims in the future. *Id.* at 832-834.

After a de novo review, the Court determines the Findings and Recommendation of Magistrate Judge Ostby are well grounded in law and fact and **HEREBY ORDERS** they be adopted in their entirety.

Therefore, **IT IS ORDERED** that the Motion to Dismiss the Amended Complaint (*Doc. 28*) is **GRANTED** in part and **DENIED** in part. Counts I, II, IV and V are dismissed, and Count III is dismissed except as to the claims of the Personal Representatives against Defendant Matthew Oravec.

DATED this ___ day of June, 2010.

RICHARD F. CEBULL
U.S. District Court Judge

13