**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 26 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EARLINE COLE, as an individual and as personal representative of the Estate of Steven Bearcrane; et al.,<br><br>            Plaintiffs-Appellants,<br><br>    v.<br><br>MATTHEW ORAVEC, in his individual capacity; et al.,<br><br>            Defendants-Appellees. | No.    14-35664<br><br>D.C. No. 1:09-cv-00021-SEH<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Argued and Submitted February 8, 2017
Seattle, Washington

Before: FISHER, PAEZ, and CALLAHAN, Circuit Judges.

Steven Bearcrane, a member of the Crow Nation, was shot and killed on the Crow Indian Reservation by a non-Native American. The FBI investigated his death and classified it as a non-crime. The decedent's family members—Earlene

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Cole, Cleteus Cole, and Precious Bearcrane (collectively, the "Bearcrane Family Members")—filed suit against the FBI Salt Lake City Field Office[1] (the "FBI") and FBI Agent Oravec ("Oravec") (collectively, "Defendants") for violations of their equal protection, substantive due process, and treaty rights.  The Bearcrane Family Members asserted claims in their individual and representative capacities, as well as on behalf of third parties.  They appeal only the dismissal of claims brought in their individual capacities.  We review the dismissal de novo.  *Ariz. Students' Ass'n v. Ariz. Bd. of Regents*, 824 F.3d 858, 864 (9th Cir. 2016).

1.      The district court dismissed the Bearcrane Family Members' individual capacity claims for lack of standing.  The Bearcrane Family Members argue that they have standing to assert equal protection claims in their individual capacities because they suffered disparate treatment as a result of Defendants' bias against Native Americans.  The Bearcrane Family Members alleged that Defendants' conduct has caused them to suffer several distinct injuries.  They claim that they receive fewer and less-adequate law enforcement services and are therefore less secure than other citizens, which has severely impacted them, both

---

[1] In their Opening Brief, the Bearcrane Family Members note that the Billings, Montana FBI Office may be the proper defendant, as opposed to the FBI Salt Lake City Field Office.  On remand, they may raise this issue with the district court, if necessary.

emotionally and economically. They also claim that, as a result of their bias against Native Americans, Defendants erected a barrier to their ability to access statutory schemes that confer benefits on victims of crime. Indeed, the Bearcrane Family Members alleged that Defendants were motivated by impermissible bias when they classified Steven Bearcrane's death as a non-crime, which foreclosed any potential victims' benefits, and when Oravec interfered with the usual procedure that governs the manner in which crime victims may obtain benefits. The Bearcrane Family Members seek declaratory and injunctive relief against the FBI, and declaratory relief, damages, attorney's fees, and interest against Oravec.

**2.** We conclude that the Bearcrane Family Members' alleged denial of benefits under the crime victims' rights statutes, resulting from Defendants' alleged bias against Native Americans, confers standing for them to assert equal protection claims in their individual capacities. With respect to this particular theory, the Bearcrane Family Members have sufficiently alleged an injury in fact, a causal connection, and redressability. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992); *see Ne. Fla. Chapter of the Associated Gen. Contractors v. City of Jacksonville*, 508 U.S. 656, 666 (1993) ("When the government erects a barrier that makes it more difficult for members of one group to obtain a benefit than it is for members of another group, a member of the former group seeking to challenge

3

the barrier need not allege that he would have obtained the benefit but for the barrier in order to establish standing."); *Barnes-Wallace v. City of San Diego*, 704 F.3d 1067, 1085 (9th Cir. 2012) ("[W]hen the government imposes a discriminatory barrier making it more difficult for members of a group to obtain a benefit . . . , the injury of unequal opportunity to compete confers standing.").[2] But the Bearcrane Family Members' other alleged injuries-in-fact do not confer standing to proceed with their equal protection claims, as these injuries are merely "generalized grievances." *See Lance v. Coffman*, 549 U.S. 437, 439–42 (2007).

**3.**  None of the Bearcrane Family Members' theories of standing supports their substantive due process or treaty-based claims, *see DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006) (holding that "a plaintiff must demonstrate standing for each claim he seeks to press"), as those claims do not relate to the discriminatory barrier allegedly created by Defendants.  Rather, those claims concern *different* injuries, including stigmatization and the denial of basic safety. Such injuries are indirect, non-particularized, and non-concrete.  *See Spokeo, Inc.*

---

[2] Although the dissent distinguishes *Barnes-Wallace* on the basis that it involved "a policy or program that expressly preferred one group over another," Dissent at 4, the government did not establish the policy at issue in *Barnes-Wallace*.  To the contrary, the government entered into a lease with the Boy Scouts, and the Boy Scouts had exclusionary policies regarding membership.  *See* 704 F.3d at 1072–74.  The court nonetheless entertained the potential application of standing on the basis of a discriminatory barrier.  *See id.* at 1085–86.

*v. Robins*, 136 S. Ct. 1540, 1548 (2016); *Heckler v. Mathews*, 465 U.S. 728, 740 n.9 (1984). The Bearcrane Family Members therefore do not have standing to assert substantive due process and treaty-based claims in their individual capacities, and those claims were properly dismissed on that basis.[3]

**4.** Having found the Bearcrane Family Members have standing to bring an equal protection claim in their individual capacities, we must decide whether the Bearcrane Family Members plausibly alleged an equal protection claim against the FBI under Federal Rule of Civil Procedure 12(b)(6).[4] To state an equal protection claim, the Bearcrane Family Members must have plausibly alleged that "actions of the defendants had a discriminatory impact, and that defendants acted with an intent or purpose to discriminate based upon plaintiffs' membership in a protected class." *Darensburg v. Metro. Transp. Comm'n*, 636 F.3d 511, 522 (9th Cir. 2011) (quoting *The Comm. Concerning Cmty. Improvement v. City of Modesto*, 583 F.3d 690, 702-03 (9th Cir. 2009)). "Where, as here, the challenged governmental policy is 'facially neutral,' proof of disproportionate impact on an identifiable group, such

---

[3] The district court also correctly concluded that even if the Bearcrane Family Members had standing, they failed to allege plausible substantive due process and treaty-based claims.

[4] The Bearcrane Family Members do not challenge the district court's finding that they did not plausibly allege an equal protection claim, brought in their individual capacities, against Oravec in his official capacity.

as evidence of 'gross statistical disparities,' can satisfy the intent requirement where it tends to show that some invidious or discriminatory purpose underlies the policy." *The Comm. Concerning Cmty. Improvement*, 583 F.3d at 703.  Because this case comes to us on a motion to dismiss, we assume the truth of the Bearcrane Family Members' factual allegations and determine only "whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

     5.     Here, the Bearcrane Family Members, who are Native American, have alleged stark statistics regarding the high rate of crime committed against Native Americans, as compared to rates of crime committed against non-Native Americans.  They have alleged that the FBI is responsible for the proliferation of crime against Native Americans because it has abdicated its responsibility to investigate crimes involving Native American victims.  The Bearcrane Family Members point to the FBI's allegedly inadequate investigations into the deaths of Steven Bearcrane and Robert Springfield, both of whom were Native American, including the FBI's destruction of evidence in the course of the Steven Bearcrane investigation.  They further alleged that the Billings, Montana FBI Office, which is overseen by the FBI Salt Lake City Field Office, routinely closes cases involving Native American victims without investigating or prosecuting those who committed such crimes.  *See Elliot-Park v. Manglona*, 592 F.3d 1003, 1007 (9th

6

Cir. 2010) ("If police refuse to investigate or arrest people who commit crimes against a particular ethnic group, it's safe to assume that crimes against that group will rise."). They also alleged that Oravec, as an agent of the FBI, intentionally interfered with their access to benefits under victims' rights statutes, and made disparaging remarks regarding Native Americans. In addition, Oravec's supervisor allegedly ratified his conduct because that supervisor was informed of Oravec's "egregious mishandling of Mr. Bearcrane's case," yet refused to remedy the situation. Taken together, these allegations sufficiently raise an inference of disparate treatment as a result of the FBI's alleged discriminatory intent. *See The Comm. Concerning Cmty. Improvement*, 583 F.3d at 705.

6.     Oravec argues that he is entitled to qualified immunity, but he relies on grounds that were either not raised in the district court, or not addressed by the district court. We therefore remand this issue to the district court so that it may decide the issue in the first instance.

7.     The Bearcrane Family Members' motions for judicial notice of a state document (Dkt. Nos. 32, 33) are DENIED, and Defendants' motion to strike (Dkt. No. 36) is therefore DENIED as moot. The Bearcrane Family Members' unopposed motion to withdraw their motion for judicial notice of a *Brown v. Board*

*of Education* filing (Dkt. No. 41) is GRANTED, and their motion for judicial notice of that document (Dkt. No. 34) is thus DENIED as moot.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

The parties shall bear their own costs on appeal.