**CHAD A. READLER**
Acting Assistant Attorney General
**C. SALVATORE D'ALESSIO, JR.**
Acting Director, Torts Branch
**RICHARD MONTAGUE**
Senior Trial Counsel
**JAMES G. BARTOLOTTO**
Senior Trial Attorney
**KELLY HEIDRICH**
Trial Attorney
Civil Division
United States Department of Justice
P.O. Box 7146, Washington, DC 20044
james.bartolotto@usdoj.gov
Tel: 202-616-4174
Fax: 202-616-4314
*Attorneys for the Defendants FBI and*
*Matthew Oravec in his individual capacity*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MONTANA
### BILLINGS DIVISION

| | | |
|---|---|---|
| EARLINE COLE, CLETUS COLE, and PRECIOUS BEARCRANE, a minor child, | ) ) ) ) | CV-09-21-BLG-SEH-TJC |
| Plaintiffs, | ) ) ) | **RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SUR-REPLY TO DEFENDANT ORAVEC'S MOTION TO DISMISS** |
| v. | ) ) | |
| FEDERAL BUREAU OF INVESTIGATIONS, SALT LAKE CITY FIELD OFFICE, FEDERAL BUREAU OF INVESTIGATIONS, BILLINGS OFFICE, and MATTHEW ORAVEC, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## INTRODUCTION

On March 5, 2018, Defendant Matthew Oravec moved this Court to dismiss Plaintiffs' sole remaining *Bivens* claim under Federal Rule of Civil Procedure 12(b)(6). He relied on the Supreme Court's recent decision in *Ziglar v. Abbasi*, 137 S. Ct. 1843 (2017), and qualified immunity. *See* Def. Brief, Doc. 163. Two weeks after Oravec's motion was fully briefed, Plaintiffs moved for leave to file a sur-reply. *See* Pl. Motion, Doc. 170. Plaintiffs say a sur-reply is necessary for two reasons. First, they insist Oravec's reply "mischaracterizes" their response arguments. *Id.* at 2-3. Second, they claim that Oravec presented a "new argument"—that *Bivens* actions are barred because "Congress has failed to provide a federal counterpart to [42 U.S.C. §] 1983 actions." *Id.* at 4. Neither assertion is correct or grounds for a sur-reply.

Oravec's reply brief did what replies do; it rebutted the opposing parties' arguments. A sur-reply would do nothing more than afford Plaintiffs a second chance to present written opposition and to circumvent the 6,500-word limit Local Rule 7.1(d)(2)(A) prescribes for opposition briefs. Accordingly, Plaintiffs' motion for leave to file a sur-reply should be denied.

## ARGUMENT

Sur-replies are generally disfavored in federal court. *See Garcia v. Biter*, 195 F. Supp. 3d 1131, 1134 (E.D. Cal. 2016) (citations omitted); *see also Bigwood v.*

*U.S. Dep't of Def.*, 132 F. Supp. 3d 124, 154 (D.D.C. 2015) (sur-replies are disfavored and should not be a "vehicle for rehashing arguments that have already been raised and briefed") (quotations and citation omitted); *Lacher v. West*, 147 F. Supp. 2d 538, 539 (N.D. Tex. 2001) ("Surreplies … are highly disfavored, as they usually are a strategic effort by the nonmovant to have the last word on a matter."); *see also United States ex rel. Meyer v. Horizon Health Corp.*, 565 F.3d 1195, 1203 (9th Cir. 2009) (district court did not abuse discretion in refusing to permit "inequitable surreply"), *overruled on other grounds*, *United States ex rel. Hartpence v. Kinetic Concepts, Inc.*, 792 F.3d 1121, 1128 n.6 (9th Cir. 2015). This Court's Local Civil Rules chime with the case-law consensus. Under those rules motions are "ripe for ruling at the close of the time for response[,]" and sur-replies are prohibited without leave of Court. L.R. 7.1(d)(1)(D). And so Oravec's motion to dismiss was ripe for ruling after he filed his reply on April 23, 2018. *See* Def. Reply, Doc. 169; *see also* Docket entry for Order granting Motion for Extension to File Reply, Doc. 168 ("Motions ripe 4/23/2018").

Though sur-replies are disfavored, district courts exercise discretion to allow them in rare cases. If new evidence is raised in a reply, for example, a sur-reply may be allowed to address that new evidence. *See Provenz v. Miller,* 102 F.3d 1478, 1483 (9th Cir. 1996) (court should not consider new evidence raised in SJM reply without giving non-movant an opportunity to respond). But the new evidence

2

"must be truly new." *United States ex rel. Pogue v. Diabetes Treatment Ctrs. of Am., Inc.*, 238 F. Supp. 2d 270, 277 (D.D.C. 2002); *see also JG v. Douglas Cnty. School Dist.*, 552 F.3d 786, 803 n.14 (9th Cir. 2008) (district court did not abuse discretion in denying leave to file sur-reply where it did not consider new evidence in reply).

To determine whether a sur-reply would be appropriate in a given case, courts look to whether the reply "in fact raises arguments or issues for the first time;" whether the proposed sur-reply "would be helpful to the resolution of the pending motion;" and whether the movant "would be unduly prejudiced were leave to be granted." *Paleteria La Michoacana, Inc., v. Productos Lacteos Tocumbo S.A. De C.V.*, 247 F. Supp. 3d 76, 93-94 (D.D.C. 2017) (internal quotations and citations omitted). Here Oravec's reply did not raise any new arguments or issues, and a sur-reply would not be helpful to the Court.

### A. Plaintiffs' claim that Oravec "mischaracterized" their argument is not grounds for a sur-reply.

Plaintiffs' claim that Oravec mischaracterized their arguments retreads well-worn ground, previously raised in their response. *See, e.g.,* Pl. Brief, Doc. 166 at 10, 16, 28. It is not grounds for a sur-reply. The decision in *Lewis v. Rumsfeld*, 154 F. Supp. 2d 56, 61 (D.D.C. 2001), the only case Plaintiffs cite to support their "mischaracterization" argument, shows why.

3

In *Lewis*, the court denied a sur-reply because the plaintiff contended only that the defendants had "mischaracterized her position" in their reply. *Id.* But the plaintiff's perception that the defendants misrepresented her argument was not a "new matter," and further briefing was not necessary to resolve the motion. *Id.* ("Because this contention does not involve a new matter but rather an alleged mischaracterization, the court denies the plaintiff's motion."). It is the same here. *See* Pl. Motion, Doc. 170 at 2-3. To the extent Plaintiffs claim Oravec mischaracterizes their legal argument or position, the Court "is more than capable of ascertaining the merits of the parties['] respective positions on its own." *Crummey v. Soc. Sec. Admin.*, 794 F. Supp. 2d 46, 63 (D.D.C. 2011), *aff'd,* 2012 WL 556317 (D.C. Cir. Feb. 6, 2012). Because a party's complaint that its argument was mischaracterized is not a basis to support the filing of a sur-reply, Plaintiffs' motion should be denied.

**B.    No new evidence or argument was raised in Oravec's reply.**

Plaintiffs' contention that Oravec presented "a new argument" when addressing case law cited in their response is wrong. *See* Pl. Motion, Doc. 170 at 4. Plaintiffs argued 42 U.S.C. § 1983 case law in opposition to the motion, and Oravec addressed that in his reply. He did not raise a "new argument" by addressing the legal authority presented in Plaintiffs' response. *Compare* Pl. Brief, Doc. 166 at 11-12 (citing cases), *with* Def. Reply, Doc. 169 at 6-7. The entire

4

purpose of a reply brief is to permit a moving party to do exactly that. *See, e.g., Living on the Edge, LLC, v. Lee*, slip. op., 2015 WL 12661917, *3 (C.D. Cal. Aug. 25, 2015) (exhibits that merely rebut arguments raised in opposition to a motion do not constitute new evidence). Allowing sur-replies when a movant addresses a non-movant's case law would render the general prohibition on sur-replies meaningless. *See, e.g., Crummey*, 794 F. Supp. 2d at 63 (sur-replies are not vehicles for rehashing arguments otherwise "briefing would become an endless pursuit").

No argument in Oravec's reply was "raised for the first time." *Compare* Def. Brief, Doc. 163, *with* Def. Reply, Doc. 169. The Plaintiffs admit it in their proposed sur-reply; they state, for example, that "[i]n his Reply Brief, as in his original motion, [Oravec] continues to populate the term 'context'[.]" *See* Pl. Sur-Reply, Doc. 170-1 at 1. Even more explicitly, they acknowledge Oravec's reply "introduces no new theories, simply dressing up his earlier argument." *Id.* at 3.

The lone example of a "new argument" Plaintiffs identify is Oravec's supposed position that "no one should be allowed to bring a *Bivens* case at this point in time because Congress has failed to provide a federal counterpart to 1983 actions against state officials." *See* Pl. Motion, Doc. 170 at 4 (emphasis omitted). That overstates Oravec's argument against extending the judicially-implied *Bivens* remedy to this new context, but it does not obscure that his argument was

5

developed in detail in his opening brief. It is not new. *See* Def. Brief, Doc. 163 at 8, 10, 15-18. And as already explained, showing why the statutory § 1983 remedy and cases that Plaintiffs cite applying it do not help them is not "new" argument warranting a sur-reply. It is the very function of a reply brief. *Compare* Pl. Brief, Doc. 166 at 11-12, *with* Def. Reply, Doc. 169 at 6-7. Permitting sur-replies under such circumstances would trap litigants—and the courts—in an endless feedback loop of briefing.

Because Oravec's reply raised no new argument and further briefing would not aid the Court, Plaintiffs' request for a sur-reply should be denied.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Leave to File a Sur-reply should be denied. In the alternative, because Oravec has the burden of proof on his motion to dismiss, should the Court grant Plaintiffs' motion allowing a sur-reply it is respectfully requested that he be allowed to file a response to Plaintiffs' sur-reply.

Dated: May 17, 2018             Respectfully submitted,

                                CHAD A. READLER
                                Acting Assistant Attorney General

                                C. SALVATORE D'ALESSIO, JR.
                                Acting Director, Torts Branch

                                RICHARD MONTAGUE
                                Senior Trial Counsel

        */s/James G. Bartolotto*
        JAMES G. BARTOLOTTO
        Senior Trial Attorney

        */s/Kelly Heidrich*
        KELLY HEIDRICH
        Trial Attorney

        Torts Branch, Civil Division
        United States Department of Justice
        *Attorneys for the Defendants FBI and*
        *Matthew Oravec in his individual capacity*

## CERTIFICATE OF COMPLIANCE

Pursuant to L.R. 7.1(d)(2)(E), I hereby certify that the foregoing **RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SUR-REPLY TO DEFENDANT ORAVEC'S MOTION TO DISMISS** complies with the word limitation requirements set forth in L.R. 7.1(d)(2)(A) (*i.e.,* briefs are limited to 6,500 words). Using the word count function of Microsoft Word 2010©, the number of words contained in this brief, excluding the caption and certificates of compliance and service as allowed by L.R. 7.1(d)(2)(E), is: **1,373.**

Dated: May 17, 2018        */s/James G. Bartolotto*
                                          JAMES G. BARTOLOTTO
                                          Senior Trial Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on May 17, 2018, a true and correct copy of the foregoing **RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SUR-REPLY TO DEFENDANT ORAVEC'S MOTION TO DISMISS** was filed with this Court electronically pursuant to L.R. 1.4(a) and served electronically pursuant to L.R. 1.4(c)(2), or by mail on any party to this action unable to accept electronic filing. Notice of this filing will be sent by electronic mail (e-mail) to Plaintiffs' counsel and all parties by operation of the Court's electronic filing system (ECF) or by mail to any party unable to accept electronic filing. Parties may access this filing through the Court's CM/ECF System. This Response Memorandum comports with L.R. 1.5, 7.1(b), 7.1(d)(1)(C), and 7.1(d)(2)(B).

                                                */s/James G. Bartolotto*
                                                JAMES G. BARTOLOTTO
                                                Senior Trial Attorney