# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# BILLINGS DIVISION

FILED
4/29/2019
Clerk, U.S. District Court
District of Montana
Helena Division

| | |
|---|---|
| EARLINE COLE, CLETUS COLE, and PRECIOUS BEARCRANE, a minor child,<br><br>Plaintiffs,<br><br>vs.<br><br>FEDERAL BUREAU OF INVESTIGATIONS, SALT LAKE CITY FIELD OFFICE, FEDERAL BUREAU OF INVESTIGATIONS, BILLINGS OFFICE,[1]<br><br>Defendants. | No. CV 09-21-BLG-SEH<br><br>**MEMORANDUM AND ORDER** |

## Introduction

On February 28, 2019, Plaintiffs moved to compel responses to discovery, seeking the Court to compel Defendants to provide more detailed responses to certain interrogatories and document requests.

The Court on March 7, 2019, *inter alia*: (1) adopted, accepted, and affirmed, Magistrate Judge Cavan's Findings and Recommendation as to Defendant

---

[1] The caption has been updated to reflect the dismissal of Matthew Oravec.

1

Matthew Oravec's Motion to Dismiss;[2] and (2) ordered limited additional discovery.[3] The single claim remaining relates to First Claim for Relief of the Second Amended Complaint, which alleges equal protection violations against the FBI.[4]

The Motion to Compel is fully briefed and ripe for decision.

## **Discussion**

The Court is vested with broad discretion in management of discovery.[5] Discovery is permitted for "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."[6] Proportionality is assessed by "considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."[7] Although the moving party has the ultimate burden of showing that

---

[2] *See* Doc. 200.

[3] *See* Doc. 201.

[4] *See* Doc. 159 at 27.

[5] *See Hunt v. County of Orange*, 672 F.3d 606, 616 (9th Cir. 2012).

[6] Fed. R. Civ. P. 26(b)(1).

[7] Fed. R. Civ. P. 26(b)(1).

2

discovery sought is relevant, the Court "look[s] to evidence and arguments from both sides in deciding whether discovery . . . is permitted under Rule 26."[8]

Defendants contend that the responses sought are both irrelevant and disproportionate to Plaintiffs' remaining claim. In addition, Defendants claim some of the information sought has, in fact, already been provided. Plaintiffs nonetheless assert that further disclosures are required since "[u]nder Rule 26, relevant information is any information that 'appears reasonably calculated to lead to the discovery of admissible evidence.'"[9]

Plaintiffs' claimed discovery standard is incorrect. The "reasonably calculated" standard cited by Plaintiffs was removed from Rule 26 in 2015.[10]

As the Advisory Committee on the Federal Rules of Civil Procedure has explained, "[t]he phrase [reasonably calculated] has been used by some, incorrectly, to define the scope of discovery . . . [t]he 'reasonably calculated' phrase has continued to create problems, however, and is removed by these amendments."[11] With the 2015 amendment, "[t]he test . . . is whether evidence is

---

[8] *In re Bard IVC Filters Prod. Liab. Litig.*, 317 F.R.D. 562, 563 (D. Ariz. 2016).

[9] Doc. 197 at 16 (citing Fed. R. Civ. P. 26(b)(1)).

[10] *See* Fed. R. Civ. P. 26(b)(1).

[11] Fed. R. Civ. P. 26 advisory committee's note to 2015 Amendment.

3

'relevant to any party's claim or defense,' not whether it is 'reasonably calculated to lead to admissible evidence.'"[12]

In addition, Plaintiffs fail to address the 2015 proportionality standard. At bottom it is the obligation of the Court both to determine whether the discovery sought is: (1) relevant to any party's claim or defense; and (2) in proportional in light of the factors outlined in Rule 26(b)(1).[13]

### I. Interrogatories

> **Interrogatory # 2.** Please identify and describe the processes and procedures by which you work and coordinate with state victims' assistance programs and/or personnel.[14]

Objection is made to this interrogatory on grounds that it is unreasonably broad, is not reasonably limited in temporal scope, and is irrelevant.

The interrogatory as framed and as served on Defendants fails to specify or limit the request to any relevant time period. Processes and procedures undoubtably change from time to time. The request is overbroad. No additional response is required.

> **Interrogatory # 4.** Please identify and describe any and

---

[12] *In re Bard IVC Filters Prod. Liab. Litig.*, 317 F.R.D. at 563 (D. Ariz. 2016).

[13] *See* Fed. R. Civ. P. 26(b)(1).

[14] Doc. 208-1 at 4.

4

> all complaints, whether informally in writing or orally, or judicial or administrative, received you [sic] regarding Defendant Oravec during the period he has worked for the FBI, including but not limited to the substance of the complaint, the person making the complaint, the person(s) receiving the complaint, the person(s) who were told about the complaint, and the actions taken by [sic] in response to the complaint.[15]

This interrogatory is objected to on grounds that it is overbroad and irrelevant. The response provided nevertheless states that a thorough search of the FBI complaint system disclosed no additional information not already known to the Plaintiffs. The response is adequate. The objection to the response is denied.

> **Interrogatory # 7.** Please identify and describe the processes and procedures by which you work and coordinate with state law enforcement agencies and/or personnel.[16]

This interrogatory is objected to on grounds that it is overbroad, unduly burdensome, not proportional to the needs of the case, and that "'work and coordinate with' are undefined and consequently do not allow Defendants to formulate an appropriate response."[17] The Court agrees. Absent some limitation, any description of the process by which work and coordination with state law

---

[15] Doc. 208-1 at 5.

[16] Doc. 208-1 at 5.

[17] Doc. 208-2 at 10.

5

enforcement or personnel is carried out is potentially endless. The objection to the response to Interrogatory No. 7 is denied.

## II. Document Requests

> **Document Request # 2.** Please produce any and all documents containing, referencing or related in any way to investigatory procedures, processes and/or instructions regarding FBI investigations, including but not limited to any and all manuals and handbooks, in use during the period January 1, 2000 to the present.[18]

This request is objected to on grounds that it is overbroad, unduly burdensome, and not proportional to the needs of the case. Notwithstanding the objection, the response provided references policy and procedures followed in Indian Country. Plaintiffs nevertheless contend the response is inadequate.

The request seeks an incredibly vast array of documents virtually without limitation. The request for "any and all documents . . . referencing or related in any way to investigatory procedures" is overbroad, especially given the extent of the request being from "January 1, 2000 to the present."[19] The objection to the response to Document Request No. 2 is denied.

> **Document Request # 3.** Please produce any and all documents containing, referencing or related in any way

---

[18] Doc. 208-1 at 5.

[19] Doc. 208-1 at 5.

6

> to cases investigated by you in which Native Americans were victims during the period January 1, 2000 through December 31, 2010.[20]
>
> **Document Request # 4.** Please produce any and all documents containing, referencing or related in any way to cases investigated by you in which the victims were not Native Americans during the period January 1, 2000 through December 31, 2010.[21]

The related document requests as stated are asserted by Defendants to be overbroad, unduly burdensome, and not proportional to the needs of the case. In addition, the requests are argued to be overly intrusive and an invasion of privacy of persons not involved in the case, thereby implicating protection from disclosure available under the Privacy Act.[22]

When read together, a response to the document requests would require production of documents related in any way to cases in which victims either were, or were not, Native Americans, between January 1, 2000 and December 31, 2010. These requests are disproportionate, if not impossible, to satisfy. Plaintiffs' objections to responses to Document Request Nos. 3 and 4 are denied.

> **Document Request # 5.** Please produce any and all documents containing, referencing or related in any way

---

[20] Doc. 208-1 at 5.

[21] Doc. 208-1 at 6.

[22] *See* Doc. 208-2 at 19. *See also* 5 U.S.C. § 552a.

7

> to complaints, whether informal or formal, in writing or orally, or judicial or administrative, related to your handling of cases in which Native Americans were victims, accused perpetrators or witnesses during the period January 1, 2000, through the present.[23]

This request is asserted to be overbroad, unduly burdensome, not proportional to the needs of the case, and an inappropriate infringement on unrelated persons' privacy interests. Defendants' response as provided states "with respect to complaints concerning SA Oravec, *see* Defendants' Response to Interrogatory No. 4, *supra*."[24]

The objection endeavors to reframe the request and thereby narrow the scope to "the period of time January 1, 2004-December 31, 2006 and to complaints received or regarding the Billings Field Office."[25] Even if Plaintiffs were entitled, without leave or approval of Court, to alter and re-frame a discovery request and which has not been allowed, the request is disproportionate to the remaining claim in this case. The objection to the response to Document Request No. 5 is denied.

> **Document Requests # 7.** Please produce any and all documents containing, referencing or related in any way

---

[23] Doc. 208-1 at 6.

[24] Doc. 208-2 at 20.

[25] Doc. 213 at 4.

8

to assistance provided by you to victims of crimes who
were Native American during the period January 1, 2000
through December 31, 2010.[26]

**Document Request # 8.** Please produce any and all
documents containing, referencing or related in any way
to assistance provided by you to victims of crimes who
were not Native American during the period January 1,
2000 through December 31, 2010.[27]

Both requests are asserted to be overbroad, unduly burdensome, and not proportional to the needs of the case. Both seek an incredibly vast array of documents virtually without limitation. The objections to Document Requests Nos. 7 and 8 are denied.

**Document Request # 9.** Please produce any and all
documents containing, referencing or related in any way
to the provision of victims' assistance to the family of
Steven Bearcrane/Cole, including, but not limited to
communications between FBI agents and victim
assistance personnel, whether they are state or federal
employees, communications between victims assistance
staff and the family of Steven Bearcrane/Cole, and any
documents analyzing or deciding the eligibility of the
family of Steven Bearcrane/Cole for assistance.[28]

This request was responded to by directing Plaintiffs to earlier productions of documents and by the assertion that the earlier production satisfied the request.

---

[26] Doc. 208-1 at 6.

[27] Doc. 208-1 at 6.

[28] Doc. 208-1 at 6.

9

Plaintiffs nevertheless contend that Defendants have "not identif[ied] the specific documents that are responsive to the request," and that the production "appears to be missing relevant responsive records."[29]

Federal Rule of Civil Procedure 34 does not require a responding party to identify specific documents that are responsive to a particular request.[30] No basis for supplementation of the response has been demonstrated. Plaintiffs's objection to Document Request No. 9 is denied.

> **Document Request # 10.** Please produce any and all documents containing, referencing or related in any way to the murder of Steven Bearcrane/Cole ("the case") not previously produced to Plaintiffs, including but not limited to any additional investigatory files and/or communications or other documents regarding the handling of the case, reopening the case, and/or litigation concerning the case.[31]

This request was responded to by directing Plaintiffs to earlier productions of documents. Plaintiffs nevertheless claim to be unable to find certain documents that the Defendants specifically identify as having been produced.

Defendants have exceeded the requirements of meeting discovery

---

[29] Doc. 222 at 3.

[30] *See, e.g.*, Johnson v. Kraft Foods N. Am., Inc., 236 F.R.D. 535, 541 (D. Kan. 2006) (indicating compliance with organize and label requirement of Rule 34 can be achieved by identifying responsive documents with Bates numbers).

[31] Doc. 208-1 at 6.

10

obligations by directing Plaintiffs to each and every document that Plaintiffs now claim to have been omitted in the prior production. No deficiency in compliance with the request is shown. Plaintiffs' objection to the FBI's response to Document Request No. 10 is denied.

## Conclusion

For the reasons discussed above,

ORDERED:

Plaintiffs' Motion to Compel Responses to Discovery[32] is DENIED.

DATED this 29th day of April, 2019.

SAM E. HADDON
United States District Judge

---

[32] Doc. 196.